J-S22016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| E.H.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| R.D.B. | |
| Appellant | No. 1719 MDA 2014 |

Appeal from the Order Entered September 18, 2014
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-10-15204

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 10, 2015**

R.D.B. ("Father") appeals from the order entered September 19, 2014, in the Court of Common Pleas of Lancaster County, which denied his petition to modify the existing custody order, with respect to his minor daughter, R.C.B., born in November of 2013, and his minor sons, C.D.B., born in December of 2005, and K.B.B., born in October of 2007 (collectively, "the Children").  We affirm.

On December 16, 2010, Father's wife, E.H.B. ("Mother"), filed a complaint in custody which resulted in the entry of a custody stipulation as

an order of court on January 22, 2013.[1] Pursuant to the custody stipulation, the parties were awarded shared legal custody and Mother was awarded primary physical custody. Father was awarded partial physical custody on Tuesday and Thursday evenings from after work until 8:00 p.m. during the school year and until 9:00 p.m. during the summer, as well as on alternating weekends, from Thursday after work until Monday morning.

On December 5, 2014, Father filed a petition to modify the January 22, 2013 custody order. In his petition, Father requested shared physical custody of the Children. A custody hearing was held on September 4, 2014, during which the trial court heard the testimony of Father, Father's friend, C.H.C., and Mother. The trial court also interviewed each of the Children, *in camera*. Following the hearing, on September 19, 2014, the court entered its order denying Father's petition to modify. The order also indicated that the provisions of the January 22, 2013 custody order would remain in effect. On October 10, 2014, Father timely filed a notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i).

On appeal, Father presents the following issues for our review:

1. Did the [t]rial [c]ourt abuse its discretion when it denied [Father's] request for shared physical custody of the Children

_____

[1] Testimony from the September 4, 2014 custody hearing indicated that Mother and Father are, or were, going through a divorce. However, it is not clear from the record whether a divorce decree has been entered.

and granted primary physical custody of the Children to [Mother] despite the [c]ourt's acknowledgement that [Father] is a very involved and loving father, that the parties can effectively co-parent, that the parties live two blocks from each other, and that the [c]ourt concluded that the applicable enumerated factors under 23 Pa. C.S.A. § 5328 were resolved equally in favor of both [Mother] and [Father]?

2. Did the [t]rial [c]ourt commit an error of law by favoring one parent over another in violation of 23 Pa. C.S.A. § 5327(a) when it granted primary physical custody of the Children to [Mother] where the [c]ourt acknowledged that [Father] is a good father, that the parties can effectively co-parent, and when the [c]ourt concluded that the applicable enumerated factors under 23 Pa. C.S.A. § 5328 were resolved equally in favor of [Mother] and [Father]?

3. Did the [t]rial [c]ourt commit an error of law and/or abuse its discretion by improperly relying upon the prior custody schedule as creating a presumption that primary custody of the Children should remain with [Mother] when the [t]rial [c]ourt denied [Father's] request for shared physical custody and granted primary physical custody of the Children to [Mother], despite the [c]ourt's acknowledgement that [Father] is a very involved and loving father, that the parties can effectively co-parent, that the parties live two blocks from each other, and that the [c]ourt concluded that the applicable enumerated factors under 23 Pa. C.S.A. § 5328 were resolved equally in favor of [Mother] and [Father]?

Father's Brief at 10.[2]

Our standard of review is well-established:

_____

[2] In his brief, Father presents his second and third issues together in a single argument section, in violation of our Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(a) (providing that the argument "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.").

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

**C.R.F., III v. S.E.F.**, 45 A.3d 441, 443 (Pa. Super. 2012) (quoting **A.D. v. M.A.B.**, 989 A.2d 32, 35–36 (Pa. Super. 2010)).

We have stated:

[t]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

**Ketterer v. Seifert**, 902 A.2d 533, 540 (Pa. Super. 2006) (quoting **Jackson v. Beck**, 858 A.2d 1250, 1254 (Pa. Super. 2004)).

"The primary concern in any custody case is the best interests of the child. The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well[-]being." **J.M.R. v. J.M.**, 1 A.3d 902, 911 (Pa. Super. 2010) (citing **Saintz v. Rinker**, 902 A.2d 509, 512 (Pa. Super. 2006)).

Relevant to this custody case is Section 5328(a) of the Child Custody

Act, 23 Pa.C.S.A. §§ 5321-5340, which provides as follows:

> **(a) Factors.--**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:
>
> > (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
> >
> > (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.
> >
> > (2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).
> >
> > (3) The parental duties performed by each party on behalf of the child.
> >
> > (4) The need for stability and continuity in the child's education, family life and community life.
> >
> > (5) The availability of extended family.
> >
> > (6) The child's sibling relationships.
> >
> > (7) The well-reasoned preference of the child, based on the child's maturity and judgment.
> >
> > (8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

This Court has stated that, "**[a]ll** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M. v. J.E.A.,* 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original). Further,

> Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice

- 6 -

of appeal." ***C.B. v. J.B.,*** 65 A.3d 946, 955 (Pa. Super. 2013), *appeal denied*, [620 Pa. 727], 70 A.3d 808 (2013). . . . In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." ***M.J.M. v. M.L.G.,*** 63 A.3d 331, 336 (Pa. Super. 2013), *appeal denied*, [620 Pa. 710], 68 A.3d 909 (2013). A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d). ***Id.***

***A.V. v. S.T.***, 87 A.3d 818, 823 (Pa. Super. 2014).

On appeal, Father raises three interrelated issues, which we address together. The crux of Father's argument is that the trial court abused its discretion by denying his request for shared physical custody when it concluded that the Section 5328(a) factors weighed equally in favor of both Father and Mother. Father's Brief at 16-22. In addition, Father asserts that the court relied on an impermissible presumption in favor of Mother in order to reach its decision. ***Id.*** at 20-22. Father directs our attention to Section 5327(a) of the Custody Act, which provides as follows:

**(a) Between parents.--**In any action regarding the custody of the child between the parents of the child, there shall be no presumption that custody should be awarded to a particular parent

23 Pa.C.S.A. § 5327(a).

After a thorough review of the record in this matter, we conclude that the trial court did not abuse its discretion by denying Father's petition to modify custody. At the conclusion of the September 4, 2014 custody hearing the trial court thoroughly considered, on the record in open court,

each of the Section 5328(a) factors. *See* N.T., 9/4/2014, at 224-31. As noted by Father, the court did not state that any of the factors weighed in favor of either parent, instead indicating that each factor was either irrelevant to the proceedings, or that the factor favored both parents equally. *See, e.g., id.* at 229 ("I find that both parents are equally likely to maintain a loving, stable, consistent and nurturing relationship with the [C]hildren adequate for their emotional needs."). However, after considering each of the factors, the court stated as follows:

> To close, I guess I will be a bit repetitive. I, clearly, have not made my decision in this case. As I told you, I will do so only upon further reflection on the factors, which I just articulated, of which I will determine the appropriate weight to give to each factor. As I also indicated, I will consider all other relevant provisions of law and everything that has been presented to me today.
>
> I honestly and firmly tell the both of you, and I can't be any clearer, that it is the consistency and stability for your children that will be of utmost importance to me with the decision that I render. I hope to render a decision in the coming days, and I hope that you both [will] be served a copy of it as quickly as possibl[e].

*Id.* at 231.

Thus, the record does not support Father's contention that the trial court resolved the Section 5328(a) factors equally in favor of both parents. To the contrary, the court indicated explicitly that it had not reached a decision, and that it would do so only upon "further reflection on the factors." *Id.* Ultimately, the court determined that it would be in the best interests of the Children to maintain the current custody schedule based

- 8 -

primarily on the Children's need for "consistency and stability." Trial Court Opinion, 11/7/2014, at 13-14. The court explained in its opinion pursuant to Pa.R.A.P. 1925(a):

> The [c]ourt's denial of Father's request for shared physical custody of the [C]hildren was in no way manifestly unreasonable or result of partiality, prejudice, bias, or ill will; rather the [c]ourt's decision was based primarily on the need for consistency and stability for the [C]hildren. The parties agreed upon a schedule of custody less than one year before Father filed his request for modification. The [c]ourt found as credible Mother's testimony that the current order should be maintained as the [C]hildren are thriving, they have stability and security, they have a home base, there are no complaints from the [C]hildren, and the [C]hildren are doing well in school and succeeding in their activities. Based upon the testimony of the parties and the [C]hildren and the weight given to the custody factors, the [c]ourt determined that the schedule agreed previously upon by the parties was one that provided consistency and stability for the [C]hildren and should continue to be the schedule followed by the parties. Accordingly, the [c]ourt denied Father's request for shared physical custody of the [C]hildren.

*Id.* (citations to the record omitted).

The court's decision is supported by the testimony at the September 4, 2014 custody hearing. As noted by the court, Mother testified that the Children were thriving under the current custody schedule. N.T., 9/4/2014, at 177. Specifically, Mother stated that the Children were doing well in school and with regard to their other activities. *Id.* Mother indicated that the Children had not complained to her about not seeing Father frequently enough. *Id.* Mother also opined that "there's a sense of stability, [and] security" under the current arrangement, that the Children have a "home

base," and that "things are working the way they are today, they don't need to be changed." *Id.* It was reasonable for the court to accept Mother's testimony, and to conclude that the Children's need for stability and consistency would be promoted by denying Father's petition to modify. Additionally, we discern no basis to conclude that the court's decision is based on an impermissible presumption in favor of Mother. Therefore, Father's issues on appeal fail.

Accordingly, because we conclude that the trial court did not abuse its discretion by denying Father's petition to modify custody, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/2015