J-A12043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| K.A.N., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.A.N., | |
| Appellant | No. 1786 MDA 2014 |

Appeal from the Order entered October 6, 2014,
in the Court of Common Pleas of Susquehanna County,
Civil Division, at No(s): 2014-751

BEFORE:  BOWES, DONOHUE, and ALLEN, JJ.

JUDGMENT ORDER BY ALLEN, J.:                    **FILED APRIL 30, 2015**

J.A.N. ("Father") appeals from the custody order which awarded K.A.N. ("Mother") primary physical custody of the parties' son, J.A.N. (born in July of 2008), and granted Mother's request for relocation.

In his Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal, Father argues that the trial court abused its discretion by failing to consider "all ten relocation factors and all sixteen child custody factors when making a decision on relocation which also involved a custody decision."[1] Father's Concise Statement of Errors Complained of on Appeal, 10/23/14, at 1, ¶2.  We are constrained to agree.

---

[1] Because of our remand disposition, we do not not reach Father's additional issues at this time.

With regard to the Custody Act, 23 Pa.C.S.A. §§ 5321-5340, we have observed:

> **All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order. *Id.* As the trial court failed to properly consider the statutorily mandated factors in arriving at its custody determination, it erred as a matter of law. We are therefore compelled to vacate its order and remand the case for further findings of facts.

Similarly, with regard to relocation, we held:

> Section 5337(h) mandates that the trial court **shall** consider all of the factors listed therein, giving weighted consideration to those factors affecting the safety of the child. In this case, it cannot be ascertained from the record on appeal whether the trial court considered all of the section 5337(h) factors in reaching its decision.

*A.M.S. v. M.R.C.*, 70 A.3d 830, 836 (Pa. Super. 2013) (citations omitted). "The trial court must consider **all** ten relocation factors and **all** sixteen custody factors when making a decision on relocation that also involves a custody decision." *Id.* (emphasis added).[2]

Here, the trial court's opinion in support of its order, while referencing the ten § 5337(h) relocation factors, addresses them only generally. Moreover, the trial court did not address the sixteen § 5328(a) best interest factors. Accordingly, we remand for a more comprehensive trial court opinion which shall include enumerated discussion of all ten factors of § 5337(h) and sixteen factors of § 5328(a).

---

[2] **See also A.V. v. S.T.**, 87 A.3d 818 (Pa. Super. 2014) (vacating and remanding, based on, *inter alia*, the trial court's grant of relocation without first considering the § 5328(a) factors, and its omission of an independent and reasoned application of section 5337(h)).

Case remanded for the filing of a supplemental trial court opinion **no later** than thirty days after the date of this Judgment Order. Panel jurisdiction retained.