J-A07028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| C.A.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| A.M.B. | |
| Appellant | No. 1430 WDA 2015 |

Appeal from the Order August 25, 2015
In the Court of Common Pleas of Clearfield County
Civil Division at No(s): 2009-1952 CD

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

JUDGMENT ORDER BY MUNDY, J.:                    **FILED MARCH 11, 2016**

Appellant, A.M.B. (Mother), appeals from the August 26, 2015 custody order denying her request to relocate with the parties' son, S.D., born in February 2008, and granting the petition for modification of the existing custody order filed by Appellee, C.A.D. (Father).  After careful review, we vacate and remand for further proceedings.

> When deciding a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant Section 5328(a) [of the Child Custody Act, 23 Pa.C.S.A. §§ 5321-5340,] factors. ***E.D. v. M.P.,*** 33 A.3d 73, 80 (Pa. Super. 2011).  "**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." ***J.R.M. v. J.E.A.,*** 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original).  Section 5337(h) requires courts to consider all relocation factors. ***E.D.***, ***supra*** at 81.  The record must be clear on appeal that the trial court considered all the factors. ***Id.***

> Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). … Section 5323(d) applies to cases involving custody and relocation. ***A.M.S. v. M.R.C.***, 70 A.3d 830, 835 (Pa. Super. 2013).

***A.V. v. S.T.***, 87 A.3d 818, 822-823 (Pa. Super. 2014) (parallel citations omitted).

Upon review of the certified record, we conclude the trial court failed to "delineate the reasons for its [custody] decision" in open court following the conclusion of the trial testimony, in a written opinion, or in the subject order. 23 Pa.C.S.A. § 5323(d). Further, in denying Mother's relocation petition, the trial court failed to set forth its reasons pursuant to Section 5337(h). In its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, the trial court stated that it considered the requisite statutory factors, but it failed to set forth a specific analysis enumerating all of the Section 5328(a) and 5337(h) factors. Trial Court Opinion, 10/2/15, at 3-5. As such, we do not know what facts and which factors the trial court considered when reaching its custody decision. Without factual findings, we cannot conduct a meaningful appellate review of Mother's asserted errors. ***See*** 23 Pa.C.S.A. § 5323(d); ***A.V., supra*** at 823.

Based on the foregoing, we conclude that the trial court erred in failing to consider all of the Section 5328(a) custody factors and Section 5337(h) relocation factors. ***See A.V.***, ***supra***. Accordingly, we vacate the August 26,

2015 custody order and remand for further proceedings, consistent with this judgment order.

Order vacated. Case remanded. Jurisdiction relinquished. Case stricken from argument panel.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016