J-S50032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| N.M.M. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| L.M. | |
| Appellant | No. 157 MDA 2016 |

Appeal from the Order Entered December 10, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 8322 of 2013

BEFORE:  MUNDY, J., STABILE, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY MUNDY, J.:          **FILED JULY 06, 2016**

Appellant, L.M. (Father), appeals from the December 10, 2015 custody order denying his petition for modification of the existing custody order with respect to his sons, M.M., born in February 2007, and D.M., born in April 2009.  After careful review, we vacate and remand for further proceedings.

> When deciding a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant Section 5328(a) [of the Child Custody Act, 23 Pa.C.S.A. §§ 5321-5340,] factors.  ***E.D. v. M.P.,*** 2011 PA Super 238, 33 A.3d 73, 80 (Pa. Super. 2011).  "**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." ***J.R.M. v. J.E.A.,*** 2011 PA Super 263, 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original).

_____

[*] Former Justice specially assigned to the Superior Court.

***A.V. v. S.T.***, 87 A.3d 818, 822 (Pa. Super. 2014) (emphasis in original).

> Sections 5323(a) and (d) reinforce this mandate by requiring a court to delineate the reasons for its decision when making an award of custody either on the record or in a written opinion. Mere recitation of the statute and consideration of the § 5328(a) factors *en masse* is insufficient. ***C.B. v. J.B.***, 2013 PA Super 92, 65 A.3d 946, 950 (Pa. Super. 2013). A trial court's failure to place its reasoning regarding the § 5328(a) factors on the record or in a written opinion is an error of law. ***J.R.M.***, 33 A.3d at 652.

***S.W.D. v. S.A.R.***, 96 A.3d 396, 401-402 (Pa. Super. 2014).

Upon review of the certified record before this Court, the trial court failed to "delineate the reasons for its [custody] decision" in open court following the conclusion of the trial testimony, in a written opinion, or in the subject order. 23 Pa.C.S.A. § 5323(d). In its opinion accompanying the order, the trial court cursorily states factual findings regarding each of the Section 5328(a) factors. In addition, the trial court appears to weigh each of the factors equally between the parties. However, the trial court fails to discuss what facts and which factors it considered when reaching its custody decision. Without such factual findings, we cannot conduct a meaningful appellate review. ***See id.***; ***A.V., supra*** at 823.

Based on the foregoing, we conclude that the trial court erred in failing to place its reasoning regarding the Section 5328(a) factors on the record or in a written opinion. ***See S.W.D.***, ***supra***. Accordingly, we vacate the

December 10, 2015 custody order and remand for further proceedings, consistent with this judgment order.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2016