J-S14003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.G.L., JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| A.R.L. | : | |
| | : | |
| Appellee | : | No. 1644 MDA 2016 |

Appeal from the Order September 6, 2016
In the Court of Common Pleas of Berks County
Civil Division at No(s): 05-5988 #3

BEFORE: GANTMAN, P.J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:    **FILED APRIL 11, 2017**

Appellant, L.G.L., Jr. ("Father"), appeals from the order entered in the Berks County Court of Common Pleas, which granted the petition for special relief of Appellee, A.R.L. ("Mother") and also gave Mother sole legal and physical custody of the parties' minor child, A.J.L. ("Child"). We vacate and remand for further proceedings.

The trial court sets forth the relevant facts of this case as follows:

> The parties…are the natural parents of [Child.] Father initiated a custody action on June 22, 2006, by filing a Complaint for Custody seeking primary physical custody of [C]hild. ….
>
> \*   \*   \*
>
> … Following a custody trial, [the court] entered a Final Custody Order dated September 20, 2007, granting the parties shared legal custody of [C]hild and granting Mother

---

*Retired Senior Judge assigned to the Superior Court.

primary physical custody of [C]hild. … Father subsequently appealed to the Superior Court of Pennsylvania, which affirmed the trial court's Order on [October 16], 2008.

Most recently, the parties came to an impasse regarding counseling for [C]hild. Mother filed a Petition for Special Relief on August 26, 2016, seeking a court order authorizing her to obtain counseling for [C]hild without Father's consent. …

\* \* \*

Th[e c]ourt scheduled a hearing on Mother's Petition for Special Relief on September 6, 2016. During an off-the-record discussion with counsel for the parties,[1] it appeared to the [c]ourt that there was no factual dispute as to the allegations in Mother's Petition. Accordingly, [the] [c]ourt entered [an] Order…granting Mother sole legal and primary physical custody of [C]hild and allowing Mother to obtain counseling for [C]hild without Father's consent.

[1] As this matter was resolved off the record, there is no transcript of the proceedings.

(Trial Court Opinion, filed November 1, 2016, at 1-3).[1] Father filed a timely notice of appeal on September 29, 2016.[2]

Father raises the following issues for our review:

---

[1] Nothing in the court's order indicates the order was intended to be either temporary or without prejudice, as the court stated in its opinion.

[2] Father did not file a concise statement of errors contemporaneously with his notice of appeal per Pa.R.A.P. 1925(a)(2)(i). Rather, Father filed a Rule 1925 concise statement on October 8, 2016. We decline to find waiver for Father's technical noncompliance with the rules. **See J.P. v. S.P.**, 991 A.2d 904 (Pa.Super. 2010) (explaining failure to file concise statement with notice of appeal constitutes defective notice of appeal, which court can dispose of on case-by-case basis; declining to find waiver of issues for technical violation of procedural rules outlined in Rule 1925(a)(2)(i)).

DID THE TRIAL COURT ERR IN FAILING TO CONSIDER AND FULLY ANALYZE ALL OF THE 23 PA.C.S.[A.] § 5328(A) FACTORS IN RENDERING ITS DECISION TO CHANGE CUSTODY AS REQUIRED BY LAW?

DID THE TRIAL COURT ERR IN FAILING TO DELINEATE THE REASONS FOR ITS AWARD OF CUSTODY ON THE RECORD IN OPEN COURT OR IN A WRITTEN OPINION OR ORDER?

DID THE TRIAL COURT ERR IN ORDERING A CHANGE IN CUSTODY AT THE HEARING ON [MOTHER]'S PETITION FOR SPECIAL RELIEF, WHEREIN NEITHER PARTY RAISED, REQUESTED, OR CONTEMPLATED A CHANGE IN CUSTODY?

DID THE TRIAL COURT ERR BY NOT ALLOWING A FULL AND FAIR HEARING ON THE RECORD?

DID THE TRIAL COURT ABUSE ITS DISCRETION BY GRANTING [MOTHER] SOLE LEGAL AND PHYSICAL CUSTODY?

(Father's Brief at 2).

In his issues combined, Father argues the trial court failed to consider each of the custody factors under 23 Pa.C.S.A. § 5328(a) before it gave Mother sole legal and physical custody of Child. Father asserts the court also failed to delineate its reasons for granting Mother sole custody. Father maintains he had no notice that a change of custody was at issue because Mother did not request a change in custody in her petition. Father avers the court also failed to conduct a full evidentiary hearing on Mother's petition; the parties did not present evidence and testimony. Father contends the court granted Mother's petition and gave Mother sole custody of Child after only a discussion with counsel off the record. Father submits this record

does not support the trial court's order. Father concludes this Court should vacate and remand for further proceedings. We agree.

Our scope and standard of review of a custody order are as follows:

> [T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it…. However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination…. Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa.Super. 2014) (quoting *R.M.G., Jr. v. F.M.G.*, 986 A.2d 1234, 1237 (Pa.Super. 2009)).

When deciding an award of custody, the court must conduct a thorough analysis of the best interests of the child based on the factors set forth in the Child Custody Act ("Act"). *E.D. v. M.P.*, 33 A.3d 73 (Pa.Super. 2011). "**All** of the factors listed in [S]ection 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa.Super. 2011) (emphasis in original). "The court shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). "There is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." *M.J.M. v. M.L.G.*, 63 A.3d 331, 336

(Pa.Super. 2013), *appeal denied*, 620 Pa. 710, 68 A.3d 909 (2013). A court's explanation of the reasons for its decision, which adequately addresses the relevant custody factors, complies with Section 5323(d). ***Id.***

A trial court "may not permanently modify a custody order without having a petition for modification before it." ***Langendorfer v. Spearman***, 797 A.2d 303, 308 (Pa.Super. 2002). A party's due process rights are violated where that party "had no notice that custody would be at issue in the proceedings," after which the court modified custody. ***Id.*** at 309.

> Notice, in our adversarial process, ensures that each party is provided adequate opportunity to prepare and thereafter properly advocate its position, ultimately exposing all relevant factors from which the finder of fact may make an informed judgment. Without notice to the parties that custody [i]s at issue, the trial court [can]not assume that the parties ha[d] either sufficiently exposed the relevant facts or properly argued their significance. Consequently[, in the absence of notice,] neither we nor the trial court can make an informed, yet quintessentially crucial judgment as to whether it was in the best interests of the [child] involved to give sole legal [and physical] custody to [one party].

***Id.*** (internal citations and quotations omitted).

Instantly, Mother filed a petition for special relief, in which she sought court permission for Child to participate in counseling without Father's consent. In her petition, Mother did not ask the court to modify the parties' custody of Child. The court's proceeding on Mother's petition consisted of an off-the-record discussion with counsel; the parties presented no evidence and testimony. No transcript of the event exists. The court entered an

order that granted Mother's petition and gave her sole legal and physical custody of Child, without providing its reasons for the order either on the record or in a written opinion.

The record lacks support for the trial court's order granting Mother's petition. We have no transcript of the proceeding on Mother's petition and no evidence to support Mother's position. *See A.V., supra*.[3] Further, the trial court erred when it gave Mother sole legal and physical custody, where Father had no notice that custody was at issue and Mother did not request in her petition that the court modify custody. *See Lagendorfer, supra*. Even if Father had been given proper notice concerning a requested change in custody, the court should have held a hearing, recited its rationale, and demonstrated it had considered all of the Section 5328(a) factors before it modified custody. *See J.R.M., supra*; 23 Pa.C.S.A. § 5323(d), *supra*. Based upon the foregoing, we vacate and remand for a full hearing on Mother's petition for special relief.[4]

_____

[3] In its Rule 1925(a) opinion, the trial court acknowledged it erred when it failed to conduct a full evidentiary hearing on Mother's petition and when it gave Mother sole custody of Child without providing its reasons. Accordingly, the court asked us to remand this case for a full and fair evidentiary hearing on Mother's petition.

[4] If either party wishes to modify custody, that party must follow proper procedure and provide the other party with adequate notice of the custody modification request. *See Langendorfer, supra*.

Order vacated; case remanded.  Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/11/2017