J-A19032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| T.C.M., | : | |
| | : | |
| Appellant | : | No. 745 EDA 2017 |

Appeal from the Order entered January 26, 2017
in the Court of Common Pleas of Montgomery County,
Civil Division, No(s): 2016-09945

BEFORE:  BENDER, P.J.E., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 21, 2017**

T.C.M. ("Father") appeals from the Order (hereinafter, "the Custody Order") granting J.M. ("Mother") primary physical custody, and shared legal custody, of K.M. (born in November 2000), A.M. (born in August 2003), and L.M. (born in October 2006) (collectively, "the Children"), and granting Father partial physical custody and shared legal custody.[1]  We affirm.

The trial court summarized the relevant factual and procedural history of this appeal, which we incorporate as though fully set forth herein.  ***See*** Trial Court Findings of Fact, 1/26/17, at 1-4.

The trial court entered the Custody Order on January 26, 2017.  On the same date, the court issued its Findings of Fact, wherein it addressed the seventeen custody factors (hereinafter, "the best interest factors") set forth in

_____

[1] The Custody Order provided that, during the Children's summer vacation from school, Father and Mother shall have shared physical custody.

subsection 5328(a) of the Child Custody Act ("the Act"). **See** 23 Pa.C.S.A. § 5328(a).

Father timely filed a Notice of Appeal, followed by a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of errors complained of on appeal, presenting eighteen separate issues. The trial court then issued a Pa.R.A.P. 1925(a) Opinion (hereinafter, the "Rule 1925(a) Opinion").

Father now presents the following questions for our review:

   A. Whether the [trial] court abused its discretion and committed an error of law in weighing the [best interest] factors by granting [] Mother primary custody of the Children?

   B. Whether the [trial] court properly applied the [best interest] factors in analyzing the best interests of the Children?

   C. Whether the [trial] court abused its discretion and committed an error of law in denying [] Father the opportunity to participate in the Children's daily lives?

   D. Whether the [trial] court deviated from applicable standards in establishing a schedule of when [] Father would be able to have physical custody of the Children individually and together?

Father's Brief at 5-6 (issues renumbered for ease of disposition, capitalization omitted).

"We review [a] trial court's custody order for an abuse of discretion." **M.G. v. L.D.**, 155 A.3d 1083, 1091 (Pa. Super. 2017). In conducting this review,

   [t]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the

- 2 -

reviewing court accept a finding that has no competent evidence to support it. However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination. Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa. Super. 2014) (citation, ellipses and brackets omitted). This Court has further explained that

[o]n issues of credibility and weight of the evidence, we defer to the findings of the trial court[,] who has had the opportunity to observe the proceedings and demeanor of the witnesses. The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion. The test is whether the evidence of record supports the trial court's conclusions.

*Id.* (citations, paragraph breaks and brackets omitted); *see also Ketterer v. Seifert*, 902 A.2d 533, 540 (Pa. Super. 2006) (stating that "[t]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned.") (citation omitted).

In any custody case, the primary concern is the best interests of the child. *See* 23 Pa.C.S.A. §§ 5328, 5338; *see also M.G.*, 155 A.3d at 1091. In assessing the child's best interest, the trial court must consider the best interest factors, enumerated at subsection 5328(a) as follows:

- 3 -

**(a) Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, education and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328. "All of the [best interest] factors … are required to be considered by the trial court when entering a custody order." **J.R.M. v. J.E.A.**, 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis omitted).

Subsection 5323(d) of the Act mandates that, when the trial court awards custody, it "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). "In expressing the reasons for its decision, there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated [best interest] factors are considered and that the custody decision is based on those considerations." **A.V.**, 87 A.3d at 823 (citation and quotation marks omitted); **see also id.** (stating that "[a] court's explanation of reasons for its

decision, which adequately addresses the relevant factors, complies with Section 5323(d).").

Here, we will address Father's first three issues together, as they are closely related, and all essentially challenge the trial court's weighing of the best interest factors.

In his first issue, Father contends that the trial court "erred in making factual findings that suggested that both Mother and Father were capable of [exercising] primary physical custody, but then granted [primary] physical custody to [] Mother." Father's Brief at 16. Father additionally argues that "[t]he [trial] court's findings of fact[] are not reasoned, and instead, make prejudicial statements in favor of [] Mother, such as 'Mother worked as the CEO of the family.' The [trial] court frowned upon [] Father being a surgeon and physician." *Id.* at 17-18 (quoting Trial Court Findings of Fact, 1/26/17, at 9).

In his second issue, Father asserts that the trial court improperly applied the best interest factors in analyzing the best interests of the Children. Father's Brief at 18. Father urges that "[t]here is no dispute that [he] is able, available and wanted to have physical custody of the Children[, yet he] … was only entitled to one overnight per week with all three Children at the same time." *Id.* at 21; *see also id.* at 22, 23 (asserting that such custody schedule causes disruption in Father's relationship with the Children and "separation among the Children"). Father additionally argues that the

trial court overlooked that (1) Mother made disparaging comments to the Children concerning, *inter alia*, Father's alleged alcohol abuse; (2) in contradiction of Mother's claim that Father is an alcoholic, Father submitted an "expert report" opining that Father "had a low probability of having an alcohol [] abuse" issue; and (3) paternal grandmother had often helped Mother care for the Children. *Id.* at 22, 23; ***see also id.*** at 22 (asserting that Mother's testimony at the custody hearing was not credible).

In his third issue, Father argues that the trial court improperly denied him the opportunity to participate in the Children's daily lives. *Id.* at 30. According to Father,

> [t]here is no evidence in the record that [he] did not participate in the Children's daily well-being. The [trial] court stated in its [Rule 1925(a)] [O]pinion that the "majority of the household duties had always been, and currently were still, performed by Mother." "Household duties" is not a statutory factor in awarding primary physical custody. Such an arbitrary statement punishes [] Father for being a physician and surgeon.
>
> * * *
>
> Moreover, if [] Father is able to maintain fifty percent [physical] custody during the summer, when there are still household chores to be done and [] Father still works, it is unreasonable to suggest that the factors must change during the school year.

*Id.* at 32-33 (citations omitted). Father further points out that the trial court found that "Father is also an involved, loving, doting parent[,] who attends to the[] [Children's] activities, participates in school programs and always makes time to engage with the [C]hildren." *Id.* at 34 (quoting Rule 1925(a) Opinion, 3/31/17, at 15). Father contends that this finding "contradicts" the

trial court's awarding primary physical custody to Mother. Father's Brief at 34.

In its Findings of Fact, the trial court thoroughly addressed all of the best interest factors, and determined that it was in the Children's best interests to award Mother primary physical custody during the school year. **See** Trial Court Findings of Fact, 1/26/17, at 4-12. Additionally, the court addressed Father's above-described claims in its Rule 1925(a) Opinion, adeptly summarized the relevant law, and determined that the court did not abuse its discretion in weighing the best interest factors, or in awarding Mother primary physical custody during the school year. **See** Rule 1925(a) Opinion, 3/31/17, at 6-9, 14-17. As the trial court's analysis is sound, and the record supports its factual findings, we incorporate it herein by reference. **See** Rule 1925(a) Opinion, 3/31/17, at 6-9, 14-17; Trial Court Findings of Fact, 1/26/17, at 4-12. Like the trial court, we decline Father's invitation to disturb the court's findings and weighing of the evidence, in favor of the findings and custody arrangement that Father proposes. **See M.J.M. v. M.L.G.**, 63 A.3d 331, 337 (Pa. Super. 2013) (rejecting appellant/mother's argument asking this Court to reconsider the trial court's findings and credibility determinations with regard to the best interest factors); **see also A.V.**, **supra** (stating that a reviewing court should defer to the trial court on issues of credibility and weight of the evidence). Accordingly, as the trial court's sound analysis of the best interest factors was careful and thorough,

and we discern no abuse of the court's discretion in fashioning a reasonable award of physical custody that was in the Children's best interests, we defer to the court's decision. **See A.V.**, **supra** (stating that "[a]ppellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion."); **see also id.**, **supra**, (stating that a reviewing court may not interfere with a trial court's conclusions where they are reasonable in view of the trial court's factual findings). We thus affirm on the basis of the trial court's Rule 1925(a) Opinion and Findings of Fact as to Father's first three issues. **See** Rule 1925(a) Opinion, 3/31/17, at 6-9, 14-17; Trial Court Findings of Fact, 1/26/17, at 4-12.

In his final issue, Father argues that the trial court rendered an "arbitrary" physical custody award, which "was in deviation of the statutory guideline and not in the Children's best interests[,]" where "Father only has [all] three Children together four times a month over a ten month period, even though [Father] lives near [] Mother, closer to [the Children's] school, [and] on the bus route …." Father's Brief at 25-26. Father urges that

> [t]he better solution to meet the Children's best interests was … [to award the parties] shared physical custody[, and] … a more balanced schedule[,] where all three Children could stay with [] Father together more than four nights per month during the school year, [which is] … a disproportionate [and] unjustified holding. … The arbitrary decision of the [trial] court does not reflect the reasoning as to why [] Father can have the Children together 4 nights [per month] during ten months out of the year, and fifteen nights [per month] for two summer months.

- 9 -

***Id.*** at 29.

In its Rule 1925(a) Opinion, the trial court explained that it (1) had considered the Children's "articulate and well reasoned" desires for a physical custody schedule that was best suited to their respective individual needs; and (2) was cognizant that the court had fashioned an unconventional custody schedule, whereby the Children were not always together during Father's custodial time, and each had a slightly different schedule. ***See*** Rule 1925(a) Opinion, 3/31/17, at 10-11. The court determined that, nevertheless, it was appropriate, and in the Children's respective best interests, to employ a physical custody schedule that the Children expressed they prefer, even though it does not ensure that the Children are all together at all times. ***Id.*** The trial court's reasoning is sound and supported by the record, and we discern no abuse of the court's discretion in finding that the unconventional physical custody schedule put into place was in the Children's best interests.[2] Accordingly, we affirm on this basis in rejecting Father's final issue. ***See id.***

Order affirmed.

---

[2] Our determination is unaltered by Father's pointing out that that he was awarded shared physical custody during the Children's summer vacation, but not during the remainder of the year. The trial court found that such arrangement was the one best suited to the Children's best interests, and their expressed preferences. ***See*** Rule 1925(a) Opinion, 3/31/17, at 8-9 (stating, *inter alia*, that "the [C]hildren have a very strong preference towards spending more time in Mother's household during the school year in order to provide them with consistency and stability, especially in their academic pursuits."); ***see also id.*** at 10-11. Contrary to Father's assertion, this physical custody arrangement is neither arbitrary nor unreasonable.

J-A19032-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017