A.V., Appellee

v.

S.T., Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 27, 2014.

Filed March 07, 2014.

Matthew Loftus, Shavertown, for appellant.

Ruth S. Borland, Wilkes Barre, for appellee.

BEFORE: GANTMAN, P.J., OTT, J., and MUSMANNO, J.

OPINION BY GANTMAN, P.J.:

Appellant, S.T. ("Father"), appeals from the order entered in the Luzerne County Court of Common Pleas, which granted the petition to relocate filed by Appellee, A.V. ("Mother"), concerning the minor children, Al.T., An.T., and K.T. ("Children"). For the reasons that follow, we vacate and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows. Mother and Father are the unmarried parents of three minor children. In June 2013, while the parties resided at the same address in Ashley, PA, Mother filed a complaint for custody, seeking shared legal and primary physical custody of Children. On July 29, 2013, Mother filed a petition to relocate with Children from Ashley, PA to New Jersey.

By order dated July 29, 2013, and entered July 30, 2013, the trial court entered an agreed-upon award of shared legal custody of Children to Mother and Father and shared physical custody on an alternating weekly basis, with exchanges to occur every Sunday evening. The court noted the custody was by agreement of the parties.

Following entry of the custody order, Mother moved to Brick, NJ and took Children there during her weeks of custody. Subsequently, the trial court held a hearing on Mother's unresolved relocation petition. On September 4, 2013, the trial court granted Mother's petition for relocation. The relocation order included a provision entitled "Partial Custody," which gave Father partial physical custody on alternating weekends, from Friday evening until Sunday evening. The court did not initially file an opinion in support of its September 2013 order or explain the basis for its decision.

Father timely filed a notice of appeal and simultaneously filed his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). Subsequently, on October 8, 2013, the trial court filed a memorandum and order, observing it had inadvertently failed to provide an opinion in support of its order. On that same date, the court permitted Father an additional thirty days to file a further statement of errors complained of on appeal. No further statement of errors complained of on appeal appears on the trial court docket or in the record.

On appeal, Father presents the following issues for our review:

1. DID THE TRIAL COURT ERR IN FAILING TO PERFORM AN ANALYSIS BASED UPON THE FACTORS ENUMERATED IN 23 PA.C.S. § 5328(A) IN ORDER TO DETERMINE IF EITHER PARTY SHOULD MAINTAIN PRIMARY CUSTODY OF THE MINOR CHILDREN PRIOR TO ANY RELOCATION ANALYSIS?

2. DID THE TRIAL COURT ERR IN FAILING TO PROVIDE AN OPINION, EITHER WRITTEN OR ON THE RECORD, WITH RESPECT TO ITS DECISION TO GRANT [MOTHER'S] PETITION FOR RELOCATION?

3. DID THE TRIAL COURT ERR IN ITS DETERMINATION THAT [MOTHER] MET HER BURDEN OF PROVING THAT HER PROPOSED RELOCATION WOULD BE IN THE BEST INTERESTS OF THE MINOR CHILDREN?

(Father's Brief at 9).

 The relevant scope and standard of review are as follows:

[T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it.... However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination.... Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

*R.M.G., Jr. v. F.M.G.*, 986 A.2d 1234, 1237 (Pa.Super.2009) (quoting *Bovard v. Baker*, 775 A.2d 835, 838 (Pa.Super.2001)). Moreover,

[O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.

The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

*R.M.G., Jr., supra* at 1237 (internal citations omitted). The test is whether the evidence of record supports the trial court's conclusions. *Ketterer v. Seifert*, 902 A.2d 533, 539 (Pa.Super.2006).

 We address Father's issues one and two together. In his first issue, Father argues the trial court failed to consider the factors provided in Section 5328 of the Custody Act, at 23 Pa.C.S.A. §§ 5321–40, when entering its September 2013 order. Father observes the trial court's opinion addressed only those statutory factors related to relocation. Father contends, however, the trial court's September 2013 order modified the prior physical custody agreement in addition to granting Mother's petition for relocation. Father submits the trial court should have applied Section 5328, concerning awards of custody, in addition to Section 5337, concerning relocation.

In his second issue, Father contends the trial court's application of law is defective, because the court's opinion consists of a wholesale adoption of Mother's post-trial brief. Additionally, Father observes that the record lacks support for several factual findings contained in the trial court's opinion. As to both his first and second issues, Father concludes this Court should remand the matter to the trial court for application of all of the proper law, relevant to this case, and for a new opinion articulating the trial court's independent

analysis of the facts and law.[1] We agree.

Section 5322 of the Custody Act provides, in pertinent part, the following relevant definitions:

### § 5322. Definitions

\* \* \*

"Partial physical custody." The right to assume physical custody of the child for less than a majority of the time.

"Physical custody." The actual physical possession and control of a child.

"Primary physical custody." The right to assume physical custody of the child for the majority of time.

\* \* \*

"Shared physical custody." The right of more than one individual to assume physical custody of the child, each having significant periods of physical custodial time with the child.

23 Pa.C.S.A. § 5322.

Section 5328 provides an enumerated list of sixteen factors a trial court must consider in determining the best interests of the child or children when awarding any form of custody:

### § 5328. Factors to consider when awarding custody

(a) Factors.—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one

---

1. Father also concludes that this Court should order "the record stricken," but does not specify what should be stricken or provide discussion on why vacating the trial court's order and remanding for further proceedings is an insufficient resolution of this appeal. (Father's Brief at 23).

another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).[2] Separately, Section 5337(h) enumerates ten factors a court must consider in determining whether to grant a proposed relocation:

### § 5337. Relocation

\* \* \*

(h) Relocation factors.—In determining whether to grant a proposed relocation, the court shall consider the following factors, giving weighted consideration to those factors which affect the safety of the child:

(1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.

(2) The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.

(3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.

(4) The child's preference, taking into consideration the age and maturity of the child.

(5) Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.

(6) Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.

(7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.

(8) The reasons and motivation of each party for seeking or opposing the relocation.

(9) The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.

(10) Any other factor affecting the best interest of the child.

23 Pa.C.S.A. § 5337(h).

■ When deciding a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant Section 5328(a) factors. *E.D. v. M.P.*, 33 A.3d 73, 80 (Pa.Super.2011). "**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa.Super.2011) (emphasis in original). Section 5337(h) requires courts to consider all relocation factors. *E.D., supra* at 81. The record must be clear on

---

**2.** Effective January 1, 2014, the statute was amended to include an additional factor at 23 Pa.C.S.A. § 5328(a)(2.1) (providing for consideration of child abuse and involvement with child protective services).

appeal that the trial court considered all the factors. *Id.*

Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal." *C.B. v. J.B.,* 65 A.3d 946, 955 (Pa.Super.2013), *appeal denied,* —— Pa. ——, 70 A.3d 808 (2013). Section 5323(d) applies to cases involving custody and relocation. *A.M.S. v. M.R.C.,* 70 A.3d 830, 835 (Pa.Super.2013).

In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." *M.J.M. v. M.L.G.,* 63 A.3d 331, 336 (Pa.Super.2013), *appeal denied,* —— Pa. ——, 68 A.3d 909 (2013). A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d). *Id.*

Outside the context of family law, our Supreme Court has condemned the practice of courts making wholesale adoptions of a party's brief, in lieu of filing a considered opinion. *See, e.g., Commonwealth v. (Roy L.) Williams,* 557 Pa. 207, 225, 732 A.2d 1167, 1176 (1999). The Supreme Court clarified that its disapproval of the practice was not limited to cases involving capital crimes, explaining: "A central concern in our decisions in this area has to do with the proper function of the trial courts and the necessity of articulating the court's independent judicial analysis in support of dispositive orders so as to better focus

appeals and better facilitate the appellate function." *Commonwealth v. Fulton,* 583 Pa. 65, 71, 876 A.2d 342, 345 (2002).[3]

Indeed, in any case where the trial court fails to prepare an opinion that addresses the issues upon which it passed and which are raised by a party on appeal, the net result is the same: the appellate court is deprived of explication and guidance on those issues from the judicial entity most familiar with the matter. Moreover, the parties may be left without a meaningful context within which to make their arguments on appeal, particularly as to discretionary matters.

*Commonwealth v. DeJesus,* 581 Pa. 632, 639, 868 A.2d 379, 383 (2005). In cases challenging the scope of this rule, the Court has consistently explained that the type of case has no bearing on its conclusion: the need for independent judicial analysis is defeated by a trial court's failure to articulate its individual reasoning. *See id.; Fulton, supra. See also McKeeman v. Corestates Bank, N.A.,* 751 A.2d 655, 658 n. 2 (Pa.Super.2000) (stating principles enunciated in criminal context are not strictly limited to criminal cases).

Instantly, the July 2013 agreed-upon custody order gave shared physical custody to both parties on an equal time basis: one week with Mother, one week with Father, exchanging Sunday evening. The September 2013 relocation order, however, substantially reduced Father's periods of custody from two weeks per month to two weekends per month. Crucially, the order directly changed Father's physical custody award from "shared physical custody" to "partial physical custody." In changing the type of physical custody award, the trial court necessarily modified the July 2013 custody order and made a new award

---

**3.** *Fulton* appears in a 2005 case reporter, notwithstanding the fact that this particular opinion was actually decided in 2002, with jurisdiction retained.

of custody. Consequently, as with any award of custody, the court was required to apply the Section 5328(a) custody factors regarding the best interests of Children and to explain the reasons for its decision. *See* 23 Pa.C.S.A. § 5323(d); *E.D., supra.* Here, the court's opinion in support of its September 2013 order addressed only the relocation factors. By omitting application of the Section 5328(a) custody factors, although making a new award of custody, the trial court erred.[4]

■ Furthermore, the court's opinion consists of a wholesale adoption of Mother's post-trial brief with only minor changes, such as to the ordering of some paragraphs. The trial court's decision to adopt Mother's post-trial brief, and the court's failure to articulate an individual reasoning, undercuts the proper function of trial courts and deprives this Court of an independent judicial analysis, capable of appellate review. *See* 23 Pa.C.S.A. 5323(d); *Fulton, supra* at 71, 876 A.2d at 345. Here, the court's appropriation of Mother's trial brief as an opinion yields further reasons to reject the practice. In adopting Mother's brief, the trial court converted Mother's averments into findings of fact. Several of those findings, however, lack support in the record and cannot withstand appellate review.[5] *See R.M.G., Jr., supra.* Likewise, the court's assumed application of law lacks a jurist's scrutiny, as demonstrated by the court's unsupported conclusions.[6]

In all, the court's failure to make the required application of Section 5328(a) while dramatically changing custody as well as the omission of an independent and

---

4. We note this Court's recent opinion in *M.O. v. J.T.R.*, 2014 PA Super 15, 85 A.3d 1058 (2014) (holding trial court need not address Section 5328(a) custody factors in modifying custody order, so long as modification does not affect type of custody award; alteration to terms and conditions of custody order is not "modification" of type of custody award; concluding Section 5328 and Section 5323 did not apply). *But see E.D., supra* at 80 (stating: "[W]hen a party files a petition for modification of a custody order, the trial court must perform a 'best interests of the child' analysis considering all of the section 5328(a) factors"). *Compare M.O., supra* (limiting Section 5323 only to orders awarding or modifying **type** of custody award) *with* 23 Pa.C.S.A. § 5323(c), (f), (g), and (h), (regulating entire scope of custody orders, including requiring elaboration of any terms and conditions of award, and providing for contempt with respect to **any** custody order). Nevertheless, the instant case involves a direct modification of the "type" of custody, from shared physical to partial physical custody, and substantially reduced Father's time with Children.

5. Mother concedes on appeal, for example, the record lacks evidence to support the court's finding that Mother encouraged daily telephone contact or that Father failed to encourage telephone contact. (*See* Trial Court Opinion, 10/8/13, at 3.) Mother concedes there was no testimony at all related to telephone contact. As another example, the record does not support the court's statement: "[F]ather readily admitted that he spanked the children regularly over [M]other's objection, even though the children are very small." (*Id.* at 4.) Father solely admitted that he spanks Children, and testified Mother spanks them as well. There was no admission Mother objected to the spanking or Father defied Mother's purported objections.

6. In addressing the fifth relocation factor, 23 Pa.C.S.A. § 5337(h)(5), for example, concerning an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party, the court explained Father changed the locks on his residence after Mother moved out. The court does not explain how that single event established a pattern of conduct or explain the logical gap in how Father's actions toward Mother affected Mother's relationship with Children. Concomitantly, the court concluded Mother established a pattern of conduct promoting Children's relationship with Father, but again it offered no basis for that conclusion.

reasoned application of Section 5337(h) are errors, which require us to vacate the September 2013 "relocation" order and remand for further proceedings. Due to our disposition of Father's issues one and two, we decline to reach his remaining issue at this time.

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.