J-S30032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.C. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| T.K. | |
| APPEAL OF: W. AND T.R. | No. 3 MDA 2014 |

Appeal from the Order entered December 2, 2013,
in the Court of Common Pleas of Lycoming County, Civil
Division, at No(s): 08-20, 853, 08-20, 855

BEFORE:     BENDER, P.J.E., MUNDY, and JENKINS, JJ.

**JUDGMENT ORDER BY JENKINS, J.**          **FILED OCTOBER 01, 2014**

T.K.[1] ("Mother") appeals from the order entered on December 2, 2013, which denied Mother's petition to relocate and granted J.C. ("Father") primary physical custody and Mother partial physical custody of the parties' children, M.C. and R.C. ("the Children"). On appeal, Mother argues that the trial court erred in disregarding the developmental needs of the Children served primarily by Mother and the impact on the Children's physical, educational and emotional development which would result from a transfer of primary custody to Father.[2]

With regard to the Custody Act, 23 Pa.C.S.A. §§ 5321-5340:

**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order. *Id.* As the trial court failed to properly consider the statutorily

---

[1] In October of 2009, Mother married J.R. Consequently, Mother's new initials are T.R.

[2] Because a remand is required, we need not reach Mother's additional issues at this time.

mandated factors in arriving at its custody determination, it erred as a matter of law. We are therefore compelled to vacate its order and remand the case for further findings of facts.

Similarly, with regard to relocation, we held:

Section 5337(h) mandates that the trial court **shall** consider all of the factors listed therein, giving weighted consideration to those factors affecting the safety of the child. In this case, it cannot be ascertained from the record on appeal whether the trial court considered all of the section 5337(h) factors in reaching its decision.

**A.M.S. v. M.R.C.**, 70 A.3d 830, 836 (Pa. Super. 2013) (citations omitted) (emphasis in original). The trial court must consider **all** ten relocation factors and **all** sixteen custody factors when making a decision on relocation that also involves a custody decision. **Id.** (emphasis added).[3]

Here, the trial court's opinion in support of its December 2, 2013 order addressed only the section 5337(h) relocation factors. By omitting application of the section 5328(a) best interest factors, although making a decision on relocating the Children, the trial court erred. Accordingly, we vacate the trial court's order and remand the case for further fact-finding, with additional hearings, if necessary, and the entry of a new order in place of the vacated order.

---

[3] **See also A.V. v. S.T.**, 87 A.3d 818 (Pa. Super. 2014) (vacating and remanding, based, inter alia, on trial court's omission of an independent and reasoned application of section 5337(h)).

Order vacated; case remanded for further proceedings in accordance with this Judgment Order, and the entry of a new order. Jurisdiction relinquished.


Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: <u>10/1/2014</u>