J-S04016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| J.A.-R., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| H.M.V., | |
| Appellee | No. 1458 MDA 2014 |

Appeal from the Order entered August 5, 2014,
in the Court of Common Pleas of Berks County,
Civil Division, at No(s): 14-996

BEFORE:  BOWES, ALLEN, and STRASSBURGER*, JJ.

JUDGMENT ORDER PER CURIAM:               **FILED FEBRUARY 18, 2015**

J.A.-R. ("Father") appeals from the order which dismissed his custody complaint for visitation with M.A.-V. ("Child") (born in September of 2009). Father raises one issue for our review:  "[Whether the] trial court abused its discretion by dismissing the complaint in the 'best interest of the child' when there is nothing in the record to support that visitation is against the best interest of [C]hild?"  Father's Brief at 11.

Our scope and standard of review are as follows:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion.  We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations.  In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand.  However, we are not bound by the trial court's

_____

* Retired Senior Judge specially assigned to the Superior Court.

deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

With any child custody case, the paramount concern is the best interests of the child. This standard requires a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral and spiritual well-being of the child.

*J.R.M. v. J.E.A.*, 33 A.3d 647, 650 (Pa. Super. 2011) (citation omitted).

In determining custody and visitation (*see* 23 Pa.C.S.A. § 5322(b)), the trial court is required to consider sixteen factors set forth in 23 Pa.C.S.A. § 5328(a). "**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M.*, 33 A.3d at 652 (emphasis in original). When a trial court fails to account for all of the required factors in reaching a custody determination, the trial court order should be vacated and the case remanded for consideration of the required factors and further fact-finding. *Id.* at 654.

Here, the trial court's order dismissing Father's complaint is not supported by the certified record. The record does not include any transcripts, nor does it contain the master's substantive report and recommendation. The trial court did not hold an evidentiary hearing, and we cannot conclude that the trial court considered the statutorily mandated factors in denying Father's custody complaint. In sum, the certified record is deficient, and this Court cannot engage in meaningful appellate review.

Either the trial court, or the Master at the trial court's direction, must conduct an evidentiary hearing and make factual findings pursuant to the Custody Act, section 5322, section 5328(a) (best interest factors), and section 5329 (consideration of criminal conviction). *See* 23 Pa.C.S.A. §§ 5322; 5328(a); and 5329. *See C.R.F. v. S.E.F.*, 45 A.3d 441 (Pa. Super. 2012); *A.V. v. S.T.*, 87 A.3d 818 (Pa. Super. 2014). Accordingly, we vacate the trial court's order and remand the case for disposition based on evidence of record. If Father wishes to testify, he may do so by telephone.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015