J-A30042-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| J.L.H., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| J.C.S. | : | |
| Appellee | : | No. 1097 WDA 2018 |

Appeal from the Order Entered July 13, 2018
in the Court of Common Pleas of Lawrence County
Civil Division at No(s): 11158 of 2009, C.A.

BEFORE:    SHOGAN, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            FILED JANUARY 10, 2019

J.L.H. (Father) appeals from the order entered July 13, 2018, which awarded shared legal and physical custody of P.S. (Child), born in March 2009, to J.C.S. (Mother), and granted Mother's petition to relocate. Upon review, we vacate the order and remand for further proceedings.

In light of our disposition, a full recitation of the factual history is unnecessary. Briefly, the parties were never married and separated prior to the birth of Child.[1] Mother has always had primary physical custody of Child. At the time of Mother filed her petition for proposed relocation, Mother and Child were living in Lawrence County.

_____

[1] Child "suffers [from] a variety of physical and mental ailments as follows: [a]utism, hypothyroidism (Has[h]imoto's Syndrome), global development delay, [and] learning disabilities." Findings of Fact and Order of Court, 7/13/2018, at 1.

*Retired Senior Judge assigned to the Superior Court.

Father resides in New Middletown, Ohio with his wife A.R. Father has always had shared legal and partial physical custody of Child, although Father's contact and time with Child has increased throughout the years. As per a March 30, 2016 order of court, Father has custody during the school year every other weekend from Friday after school until the beginning of school on Tuesday and one evening per week on the week preceding Father's weekend custody. In the summer, Father shares physical custody on a week on/week off basis. Additionally, holidays are shared throughout the year. Findings of Fact and Order of Court, 7/13/2018, at 2-3.

In September 2017, Father pro se filed a petition to modify custody, and after retaining counsel, filed an amended petition on December 15, 2017. On December 28, 2017, Mother filed a notice of relocation. Therein, Mother requested that she and Child be permitted to relocate to San Diego, California, where her then fiancé, now husband, is stationed.[2] Mother's Notice of Proposed Relocation, 12/28/2017, at 2 (unnumbered). Father filed a counter-affidavit objecting to Mother's proposed relocation. Father's Counter-Affidavit Regarding Relocation, 1/5/2018. A three-day hearing was held on these petitions in April and May of 2018.

_____

[2] Mother and S.F., an enlisted United States Naval Aircraft Electrician, were married on June 18, 2018. Findings of Fact and Order of Court, 7/13/2018, at 1.

Following the custody and relocation hearing, the trial court issued an order of court, which included findings of fact. Therein, the trial court addressed ten relocation factors, awarded Mother shared legal and physical custody of Child, and permitted Mother to relocate with Child to San Diego. Findings of Fact and Order of Court, 7/13/2018 at 8-9. The order also set forth Father's periods of partial custody. Id. at 9-10.

On August 1, 2018, Father filed a notice of appeal, as well as a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The trial court issued its Rule 1925(a) opinion on September 6, 2018, in which the court relied on its findings of fact and order of court filed on July 13, 2018, stating its previous order "fully addressed" the issues raised by Father.

Father sets forth four issues for our review. Father's Brief at 7-8. We begin our review by addressing Father's first issue, in which Father argues the trial court abused its discretion and/or committed an error of law when it failed to consider the sixteen statutory custody factors set forth in the Child Custody Act. Id. at 14-17. It is undisputed that the trial court considered only the ten relocation factors when rendering its decision. Findings of Fact and Order of Court, 7/13/2018, at 2-7.

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. This Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. We defer to the credibility determinations of the presiding trial judge, who viewed and

- 3 -

assessed the witnesses first-hand. We, however are not bound by the trial court's deductions or inferences from its factual findings, and ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the trial court's conclusions only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

P.J.P. v. M.M., 185 A.3d 413, 417 (Pa. Super. 2018) (citations and internal quotation marks omitted).

When deciding[, as in this case,] a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant Section 5328(a) factors. All of the factors listed in [S]ection 5328(a) are required to be considered by the trial court when entering a custody order. Section 5337(h) requires courts to consider all relocation factors [when a party is petitioning to relocate with the child]. The record must be clear on appeal that the trial court considered all the factors.

Section 5323(d) provides that a trial court shall delineate the reasons for its decision on the record in open court or in a written opinion or order. Additionally, [S]ection 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal. Section 5323(d) applies to cases involving custody and relocation.

In expressing the reasons for its decision, there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations. A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d).

A.V. v. S.T 87 A.3d 818, 822–23 (Pa. Super. 2014) (citations, quotation marks and emphasis in the original omitted).

In the instant case, upon the conclusion of testimony and summations by the parties, the trial court adjourned. Later, the court issued concurrently,

findings of fact and an order of court, which, inter alia, permitted Mother to relocate with Child. Within its order, the court detailed its consideration of the relocation factors. Findings of Fact and Order of Court, 7/13/2018, at 2-7. However, absent from the court's order and the record is any mention of its consideration of the custody factors. It is this Father contends was an error, one which Mother concedes. See Mother's Brief at 5 (stating that the trial court committed "an error of law in failing to evaluate the custod[y] factors.").

As noted by Father in his brief on appeal, this Court "has already encountered this precise issue in" A.V. v. S.T., supra. Appellant's Brief at 16. In that case, the trial court awarded A.V. (mother) primary custody and allowed her to relocate with the children. A.V., 87 A.3d at 819. The court also set forth a partial custody schedule for S.T. (father), who had previously enjoyed shared physical custody. Id. In its opinion in support of this decision, the trial court addressed only the relocation factors, failing to set forth its consideration of the custody factors. Id. at 823-24. Upon review, this Court determined that "[b]y omitting application of the Section 5328(a) custody factors, although making a new award of custody, the trial court erred." Id. at 824.

In the instant case, the trial court held a three-day hearing on Mother's petition to relocate and Father's petition for a custody modification. See Findings of Fact and Order of Court, 7/13/2018, at 1 (stating it was entering its order "following a full hearing on [Mother's] petition to relocate and

[Father's] petition to modify custody") (unnecessary capitalization omitted). As in A.V., in its order permitting Mother's relocation to San Diego, the trial court inevitably altered Father's period of custody. Based on the foregoing, the trial court was required to consider the custody factors. See A.M.S. v. M.R.C., 70 A.3d 830, 836 (Pa. Super. 2013) ("The trial court must consider all ten relocation factors and all sixteen custody factors when making a decision on relocation that also involves a custody decision."). Its failure to do so, either on the record or in a subsequent order or written opinion, constitutes reversible error. Id. ("Given the trial court's error, we vacate the order, and we remand.").

Accordingly, we vacate the court's July 13, 2018 order of court and remand for further proceedings.[3] On remand, the trial court is directed to consider all of the best interest and relocation factors and set forth its analysis in a written opinion. Additionally, if the trial court deems it necessary, it should conduct an additional hearing in order to address all of the best interest and relocation factors.[4]

_____

[3] In light of our disposition, we need not address Father's remaining issues at this time.

[4] This Court is cognizant that several months have elapsed since the trial court's July 2018 order and according to the parties at argument, Mother and Child have since relocated to San Diego. Based on the passage of time and the change in circumstances that have occured since the custody/relocation hearing and subsequent order, the trial court should consider whether further proceedings are necessary in order to make a detailed and informed decision on the petitions before the court.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2019