J-A29007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.D.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.D. | : | |
| | : | |
| Appellant | : | No. 462 WDA 2019 |

Appeal from the Order Entered March 12, 2019
In the Court of Common Pleas of Butler County Civil Division at No(s):
F.C. No. 12-90161-C

BEFORE:    BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 10, 2020**

M.D. (Mother) appeals from the custody order dated March 12, 2019, that set out the custody arrangements for A.O.D. (Child), born in September of 2010, between Mother and J.D.D. (Father), after its reconsideration of its prior November 9, 2018 order as requested by Father.  The March 12, 2019 order provided that Father was to continue primary custody of Child, with Mother being awarded partial custody of Child every other weekend and one or two evenings during the week with no overnights.  Mother's custody time was to be held in a public location and without any contact with her four adult children.  After an extensive review, we affirm.

The relevant scope and standard of review in custody matters are as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it. … However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination. … Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

*R.M.G., Jr. v. F.M.G.*, 986 A.2d 1234, 1237 (Pa. Super. 2009) (quoting *Bovard. Baker*, 775 A.2d 835, 838 (Pa. Super. 2001)). Moreover,

> on issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.
>
> The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

*R.M.G., Jr., supra* at 1237 (internal citations omitted). The test is whether the evidence of record supports the trial court's conclusions. *Ketterer v. Seifert*, 902 A.2d 533, 539 (Pa. Super. 2006).

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa. Super. 2014).

Mother raises the following five issues for our review:

1. Did the trial court commit an abuse of discretion and/or error of law when, after entering an initial order granting Mother partial physical custody, the trial court then entered a reconsidered order that reduced Mother's partial physical custody, when no new evidence and no new testimony was provided?

2. Did the trial court commit an abuse of discretion and/or an error of law by offering no new findings of fact and opinions, or any kind of explanation, for reversing its initial decision and issuing the reconsidered one?

3. Did the trial court commit an abuse of discretion and/or an error of law when it simply signed Father's proposed reconsideration order without making any changes, even including the same clerical errors and Father's certificate of service, and not attaching the general custody policies?

4. Was it contrary to the best interest of … [C]hild for the trial court to reverse itself and reduce and limit Mother's partial physical custody, after the trial court had allowed … [C]hild to have additional partial physical custody with Mother for four months, and where there was no new evidence suggesting any harm had come to … [C]hild from the additional partial physical custody time with Mother?

5. Did the trial court commit an abuse of discretion and/or error of law by reducing and limiting Mother's partial physical custody where the following [23 Pa.C.S.] § 5328(a) factors were neutral or in Mother's favor:  (1), (3), (4), (5), (7), (8), (9), (10), (11), (12), (13), (14), and (15)?

Mother's brief at 4.

In its opinion, the trial court set forth a factual and procedural history of this case and included information relating to the testimony of various witnesses.  In addition, the trial court discussed and applied the custody factors contained in 23 Pa.C.S. § 5328.  The court also explained its reasons for issuing the March 12, 2019 order now on appeal.  Most notably, the court

mentioned the high conflict and contentiousness of this custody case that does not appear to have lessened over the years.[1]

We have reviewed the certified record, the parties' briefs, the applicable law, and the thorough, well-reasoned opinion authored by the Honorable Kelley T.D. Streib of the Court of Common Pleas of Butler County, dated May 24, 2019. We conclude that Judge Streib's opinion properly disposes of the issues presented by Mother in this appeal. Accordingly, we adopt the trial court's opinion as our own and affirm the custody order on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2020

---

[1] We point out that the present appeal is the second one that Mother filed with this Court that has considered the custody of Child. **See J.D.D. v. M.D.**, 151 A.3d 1131 (Pa. Super. 2016) (unpublished memorandum).