J-S34025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SCOTT D. GUISER, DENNIS H. ZEIDERS AND DIANE E. ZEIDERS, JEFFREY A. BIDDLE, GEORGE B. BIDDLE, BROOKS E. ARNOLD AND SHARON J. ARNOLD | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| | : | No. 94 MDA 2021 |
| | : | |
| MATTHEW S. SIEBER AND SUSAN L. SIEBER | : : : | |
| Appellants | : | |

Appeal from the Judgment Entered December 31, 2020
In the Court of Common Pleas of Juniata County Civil Division at No(s):
2013-00316

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED FEBRUARY 18, 2022**

Appellants Matthew S. Sieber and Susan L. Sieber (collectively, "Sieber") appeal from the order finding against them and in favor of Appellees Scott Guiser, Dennis Zeiders, Diane Zeiders, George Biddle, Jeffrey Biddle, Brooks Arnold, and Sharon Arnold (collectively, "Guiser"). Sieber contends that the trial court erred in finding Guiser had a right to use a road that crossed Sieber's properties, that Guiser was entitled to an injunction preventing Sieber from blocking the road, and that a 21-acre tract of land belonged to Guiser. We remand with instructions consistent with this memorandum.

We briefly summarize the factual background, as a panel of this Court previously set forth the facts in this case. **See Guiser v. Sieber**, 237 A.3d

496, 502-503 (Pa.Super. 2020). This matter involves a property dispute between Guiser and Sieber, who are neighboring property owners. In order to access Guiser's properties, Guiser had to use a dirt road called "Woods Road" that crossed Sieber's properties. Guiser used Woods Road for many years; however, in 2012, Sieber blocked Guiser's access to the use of Woods Road.

Guiser filed a complaint against Sieber in 2013 seeking access to Woods Road and asserted claims of prescriptive easement, equitable servitude, and irrevocable license. Guiser amended its complaint in 2016 to add a claim to quiet title as to 21 acres of land that Sieber was allegedly encroaching on. A bench trial was held and the court found in favor of Guiser and against Sieber. In its ruling, the court adopted Guiser's Proposed Finding of Facts and Conclusions of Law "in full" and granted Guiser the right to access to Woods Road under the theories of prescriptive easement, equitable servitude, and irrevocable license. Order, filed 4/2/19, at 1-2. It also granted an injunction preventing Sieber from denying the use of Woods Road to Guiser. *Id.* at 1. The court further quieted title in the 21 acres of land in favor of Guiser. *Id.*

On April 12, 2019, Sieber filed a post-trial motion. On April 29, 2019, before the trial court had an opportunity to rule on the post-trial motion, Sieber filed a notice of appeal. On appeal, a panel of this Court quashed in part, vacated in part, and remanded the case. *Guiser*, 237 A.3d at 498. We found that since a judgment had not yet been entered, the appeal was premature and we quashed the aspect of the appeal pertaining to Guiser's quiet title claim. *Id.* at 502. However, we remanded for the trial court to

determine the jurisdictional issue of whether any municipality was an indispensable party and whether Woods Road was a public or private road. *Id.* at 507-508. Accordingly, we ordered that the injunctive relief be vacated. *Id.* at 508.

On remand, the trial court determined that Woods Road was a private road and there were no other indispensable parties. Order, filed 12/22/20, at 1. The court also reinstated its earlier rulings, namely that Guiser obtained a prescriptive easement over and along Woods Road, an equitable servitude existed in favor of Guiser, and Guiser acquired irrevocable licenses to use Woods Road. *Id.* The court also granted an injunction in favor of Guiser barring Sieber from denying Guiser the use of Woods Road. *Id.* at 2. Sieber thereafter filed the instant appeal. Sieber raises the following issues for our review:

1. Did the [trial] court err in adopting wholesale [Guiser's] proposed findings of fact and conclusions of law that were not supported by any evidence in the record?

2. Did the [trial] court erroneously rule that [Guiser] had an entitlement to access over a logging road through unenclosed mountain woodlands including five of Siebers' mountain properties when: (1) a prescriptive easement is not possible as the logging road goes through unenclosed woodlands that [Guiser] used with permission until June 21, 2012 after which they formally sought a deed of easement in the fall of 2012; (2) the covenant involving the Siebers' parcel no. 9-13-37 is unreasonably vague and did not affect their other four mountain parcels; (3) no evidence supported a claim of an irrevocable license to use the logging road; and, (4) Guiser failed to introduce an adequate description of the proposed easement?

3. Did the [trial] court err in entering judgment for Guiser on his quiet title claim when the decision was not supported by any competent evidence?

4. Did the [trial] court erroneously grant an injunction?

Sieber's Br. at 5-7.

We first address Sieber's challenge to the trial court's decision to adopt verbatim Guiser's proposed findings of fact and conclusions of law. Sieber contends it was error for the trial court to adopt "wholesale" Guiser's proposed findings of fact and conclusions of law because they had no evidentiary support and did not reference the testimony of a single witness in support of their proposed findings. Sieber's Br. 21. Sieber requests that the case should be remanded "to require proper findings of fact that are based upon the evidence in the record and legitimate conclusions of law." *Id.* at 30.

A trial court's adoption of a party's proposed findings of fact and conclusions of law is permissible and does not automatically create reversible error. *See Eighth North-Val, Inc. v. William L. Parkinson, D.D.S., P.C., Pension Tr.*, 773 A.2d 1248, 1251–52 (Pa.Super. 2001). However, our Supreme Court has expressly disapproved of this practice:

> We generally discourage the practice of wholesale adoption of facts or law as presented by litigants. *Commonwealth v. Williams*, 732 A.2d 1167, 1176 (Pa. 1999) (admonishing PCRA court against wholesale adoption of one advocate's position at a critical stage of the proceedings; calling for autonomous judicial expression of reasons for decision); *Id.* at 1192 (opining that appellate review should not proceed until PCRA court files a proper opinion) (Castille, J., concurring). Moreover, a fact-finding court should support its determinations with sufficient explanations of the facts and law, **including specific citations to the record for**

- 4 -

> **all evidence on which it relies,** and to the legal authority
> on which it relies, to facilitate appellate review.

*Commonwealth v. Weiss*, 986 A.2d 808, 816 n.4. (Pa. 2009) (emphasis added); *see also A.V. v. S.T.*, 87 A.3d 818, 823 (Pa.Super. 2014) (stating "our Supreme Court has condemned the practice of courts making wholesale adoptions of a party's brief, in lieu of filing a considered opinion" because "[a] central concern in [the Court's] decisions in this area has to do with the proper function of the trial courts and the necessity of articulating the court's independent judicial analysis in support of dispositive orders so as to better focus appeals and better facilitate the appellate function") (citations omitted).[1]

Here, except for one reference to an exhibit in paragraph 45, none of Guiser's 61 proposed findings of fact contain a single citation to the record. To facilitate appellate review, the trial court should have provided its own summary of facts and legal conclusions, with record citations, since the record was especially voluminous and had been compiled over several years. While we recognize that the court authored two Rule 1925(a) opinions, those opinions fail to specify where in the record the reasons for its rulings could be found. *See* Pa.R.A.P. 1925(a)(1). As a result, we are constrained to remand this case to the trial court for the issuance, within 60 days of the date of this

---

[1] We also note that in the previous appeal in this case, the panel cautioned the trial court about its wholesale adoption of Guiser's findings of fact and conclusions of law. *See Guiser*, 237 A.3d at 499 n.2.

decision, of a Rule 1925(a) opinion responsive to the issues raised, with specific factual findings and citations to the record.

Case remanded with instructions. Jurisdiction retained.