J-S16002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL LUDEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTEL MARIE HORNSTRA | : | No. 1634 MDA 2021 |

Appeal from the Order Entered November 10, 2021
In the Court of Common Pleas of Northumberland County
Civil Division at No(s):  CV-2020-01737

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JUNE 09, 2022**

Michael Luden ("Father") appeals from the order of the Northumberland County Court of Common Pleas awarding Christel Marie Hornstra ("Mother") primary physical custody of their daughter, currently three years old ("Child"), pursuant to Mother's July 2, 2021 petition to modify custody. Father argues the trial court erred in its analysis and application of several factors under the Child Custody Act. **See** 23 Pa.C.S.A. § 5328(a)(1)-(16). We affirm.

Briefly, during their relationship,[1] and at the time of Child's birth, the parties lived in Northumberland County, Pennsylvania. Approximately three

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The parties were never married. It appears from the record that the relationship fell apart around November 2020, when Mother moved to Texas with Child after a dispute with Father.

months before Child's second birthday, Father filed a complaint for primary custody, claiming Mother had recently "fled" to Texas with Child. On the same date, Father also filed a petition for special relief, seeking to enjoin Mother from relocating with Child to Texas, until a custody order was issued. He noted he was worried Mother would refuse to return Child from Texas due to a Protection from Abuse ("PFA") order that Mother had been granted against Father. The court granted the petition for special relief, directing both Mother and Child be physically present at a scheduled custody hearing.

After the custody conference, Mother and Father entered into a stipulated order, whereby the parties agreed to share legal custody and share physical custody on an equal basis. *See* Stipulated Order, 1/11/2021, at 1. The parties agreed to exchange Child every thirty days, with each parent exercising their periods of physical custody in their respective states.

Just weeks before Child's second birthday, Mother filed a petition for special relief, alleging Father refused to exchange Child for Mother's period of physical custody. Two days later, Mother filed a petition for civil contempt based on Father's alleged inability to uphold the current custody schedule, along with a petition to modify custody, seeking to rotate physical custody on a 90 day basis. The court granted the petition for special relief, directing Father to return Child to Mother, and scheduled a conciliation conference.

Three months later, after a conciliation conference, the custody schedule was modified to provide for exchanges on every fourth Tuesday of the month, with costs of transportation allocated to the party receiving custody.

The next month, Father filed a petition for special relief, alleging Mother had refused to exchange the Child as agreed, claiming she received insufficient notice. Mother filed a response, stating she did not exchange Child due to Father's short notice and his requirement that Mother travel with Child instead of Father traveling to Texas to take her back to Pennsylvania. After a conciliation conference, a stipulation was reached whereby the parties agreed on a schedule for transportation of Child.

On July 2, 2021, Mother filed the instant petition to modify custody, requesting primary physical custody of Child. After a custody hearing held on October 27, 2021, the trial court entered its findings of fact and an order, granting Mother primary physical custody. This timely appeal followed.

We review a custody order for an abuse of discretion. **See In Re K.D.**, 144 A.3d 145, 151 (Pa. Super. 2016). Such an abuse of discretion will only be found if the "trial court, in reaching its conclusion, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record." **Yates v. Yates**, 963 A.2d 535, 538 (Pa. Super. 2008) (citation omitted).

Further, in reviewing a custody order:

We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

**Klos v. Klos**, 934 A.2d 724, 728 (Pa. Super. 2007) (citation omitted). As with any custody matter, the paramount concern is the best interests of the children involved. **See id**.

When ascertaining the best interests of a child in a custody matter, the court must conduct a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral and spiritual well-being of that child. **Klos**, 934 A.2d at 728. The Pennsylvania Child Custody Act provides a non-exhaustive list of 16 factors a court is required to consider in order to determine the best interests of the child as follows:

**§ 5328. Factors to consider when awarding custody**

(a) Factors. - In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and

- 4 -

which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order. … The record must be clear on appeal that the trial court considered all the factors.

Section 5323(d) provides that a trial court shall delineate the reasons for its decision on the record in open court or in a written opinion or order. Additionally, section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal.

In expressing the reasons for its decision, there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations. A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d).

*A.V. v. S.T.*, 87 A.3d 818, 822-23 (Pa. Super. 2014) (citations and internal quotation marks omitted, emphasis in original).

Here, the trial court addressed each of the above factors in its custody opinion and order, as required by Section 5328(a). *See* Trial Court Opinion and Order, 11/10/2021, at 1-7. In discussing each factor, the trial court made a determination as to whether that factor weighed in favor of either party, or both parties, and explained its reasoning for reaching that conclusion. *See*

*id*.[2] It is clear that while the trial court found many of the section 5328(a) factors to balance fairly equally between Mother and Father, the trial court found that Mother was more likely to facilitate communication, that Mother's attention to Child's educational needs was favorable, and that the effect of traveling such a long distance[3] each month was not sustainable and was having a great effect on Child's disposition at Mother's home.

Father argues the trial court abused its discretion in awarding primary physical custody of Child to Mother by misapplying the custody factors outlined in 23 Pa.C.S.A. § 5328(a). Specifically, Father argues custody factors 1, 3, 4, 5, 10, 14 and 16 were not adequately supported by the record. Father disputes the trial court's findings and determinations regarding those factors. The

_____

[2] The trial court found factors 1, 3, 4, 5, and 10 favored Mother. However, we observe that while the trial court indicated that it found custody factor 3 in favor of Mother, its analysis reveals the trial court actually found the custody factor in favor of both parties. The court's analysis favored both parties for factors 6, 7, 8, 9, and 15. While the court did not explicitly indicate a side for factors 2, 11, 13 and 16, its analysis of these factors reveals the trial court leaned in Mother's favor.

[3] In his argument against the court's analysis of factor 16 - Any Other Relevant Factor - Father, for the first time, argues the court should have considered the statutory relocation factors set forth in 23 Pa.C.S.A. § 5337(h). The current proceedings did not include any request for relocation. Mother's relocation occurred prior to the initial shared custody agreement in this case. Father waived any objection to Mother's relocation when he entered into the stipulated order, whereby Mother and Father shared custody on an equal basis between Texas and Pennsylvania. As the actual issue of relocation is not germane to the current matter, the geographical distance between Mother and Father's homes is only relevant as far as it generally affects the best interest of the child under the section 5328(a) factors.

essence of his argument, however, can be distilled down to a challenge to the credibility and weight of the evidence, as well as the weight attributed to certain factors.

For example, Father acknowledges that the current custody schedule will be untenable when Child begins attending school. *See* Appellant's Brief, at 14. However, he claims that until then, Child could still enjoy a close relationship with both sides of his family. *See id*. Father faults the trial court for deciding to deny this opportunity, thereby "largely erasing [] Father's role in parenting [Child]." *Id*.

Father also acknowledges the existence of a PFA order protecting Mother, but contends the trial court should not have held that against him under factor 2, which requires the court to assess any current or past abuse. Father highlights the timing of the PFA action and the fact that there were no allegations he had abused Child. *See* Appellant's Brief, at 15.

As these arguments demonstrate, Father essentially asks this Court to re-find facts, re-weigh evidence, and/or re-assess credibility to his view of the evidence, which we cannot do. *See D.R.L. v. K.L.C.,* 216 A.3d 276, 286 (Pa. Super. 2019) (stating it is not this Court's role to re-find facts, re-weigh evidence, and re-assess credibility). Further, while Father believes certain factors should have weighed in his favor, or at the least weighed equally between the parties, he seems to misinterpret the function of the Section 5328(a) factors. The custody factor analysis is not a scorecard, where the

parent who checks off the most factors wins custody. So long as the court considers all of the factors, giving weighted consideration to those factors affecting the child's safety, **see** 23 Pa.C.S.A. § 5328(a), how the trial court balances the factors is within its discretion, depending on the particular facts of the case.[4] Importantly, while the trial court acknowledged Father was a loving, stable parent who provided for Child's daily needs, **See** Trial Court Opinion and Order, 11/10/2021, at 5, it also repeatedly emphasized that the current equally split physical custody arrangement was detrimental to Child's development. **See id**. at 3, 5-6.

We find no merit to Father's contention that the trial court misapplied the factors enumerated in Section 5328(a). Rather, the court considered all of the testimony, including determining the credibility of the witnesses and assessing the weight of their testimony, and considered the custody factors as outlined in Section 5328(a). After weighing those statutory factors, the court arrived at a custody order that it determined, in its discretion, to be in the best interests of Child. The trial court's findings and determinations are supported by competent record evidence, and we will not disturb them. Accordingly, we affirm the trial court's order.

Order affirmed. Jurisdiction relinquished.

---

[4] **See Ferguson v. Perez**, 579 EDA 2021 (Pa. Super. filed August 19, 2021) (unpublished non-precedential memorandum at 4); **see also** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for persuasive value).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/09/2022