J-S20016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRADLEY RZEPECKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIE RZEPECKI, NOW, | : | |
| HETHERINGTON | : | |
| | : | No. 147 WDA 2022 |
| Appellant | : | |

Appeal from the Order Entered January 3, 2022
In the Court of Common Pleas of Erie County
Civil Division at No. 10228-2015

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                    **FILED:  June 24, 2022**

Julie Rzepecki, now, Hetherington (Mother) appeals from the order granting the request of Bradley Rzepecki (Father), for modification of custody of the parties' two children, B.R. (born October 2010)  and P.R. (born March 2013) (the Children).  After careful consideration, we affirm.

The parties were married in 2009 and divorced in 2015.  At the time of their divorce, the parties agreed to share legal and physical custody of the Children.  *See* Marital Settlement Agreement, 4/20/15.

Four years later, Mother petitioned to modify custody.  Mother alleged Father "had addiction issues and recently relapsed."  Petition for Modification of Custody, 4/20/19, at 2.  Mother requested the court "grant primary residential custody of the children to [M]other, with periods of supervised visitation" with Father.  *Id.*  The parties subsequently entered into interim

consent orders before executing an order which provided, *inter alia*, that the Children "reside with [M]other, except that [F]ather shall have visitation" every other weekend, supervised by Children's paternal grandparents.[1] Order, 8/7/19, at 1.

On March 22, 2021, Father filed a motion to modify the August 7, 2019 order, averring "it is in the best interest of the [C]hildren that the Custody Order be modified to provide for equal physical custody."  Motion for Modification of Custody Consent Order, 3/22/21.  On April 19, 2021, Mother filed preliminary objections challenging the court's jurisdiction.[2]  Father filed a response in opposition.  The trial court heard argument and thereafter entered an order finding the court had jurisdiction and denying Mother's preliminary objections.  Order, 7/6/21.  Mother did not appeal.

The case was scheduled for trial in September 2021, but the parties cancelled after reaching a tentative agreement.  They were unable to reach a final agreement, however, and the case proceeded to trial in December 2021.  The court explained:

> [I]t is Father's position that, although he is to blame for the past few years' disruption in his custodial relationship with the children,

---

[1] By the time Father remarried in July 2020, "the custody supervision requirements were lifted by mutual agreement." Trial Court Opinion, 1/3/22, at 2.

[2] In 2017, Father consented to Mother relocating with the Children to Clymer, New York.  Although Mother continued to submit to Pennsylvania's jurisdiction through 2019, she claimed New York was the Children's home state, and Pennsylvania no longer had "exclusive, continuing jurisdiction[.]" Preliminary Objections, 4/19/21, at 3.

he is now rehabilitated and it is in the children's best interests to return to a more balanced custody arrangement where both parents share equal importance in their children's lives.

Mother is remarried and lives on a farm in Clymer, New York. She testified that she's been primarily responsible for raising the children for most of their lives. Father's drug and alcohol problems plagued their marriage and were a primary cause of its dissolution.

She admitted to unilaterally moving the children to homeschooling.

Trial Court Opinion, 1/3/22, at 4.

On January 3, 2022, the court issued an order and accompanying opinion addressing the enumerated custody factors set forth in the Child Custody Act at 23 Pa.C.S.A. § 5328(a). According to Mother, the court granted Father "additional time with the [C]hildren and for the [C]hildren to attend public school instead of homeschooling." Mother's Brief at 7. Mother filed a timely request for reconsideration. The trial court denied the request and Mother timely appealed. Both Mother and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.[3]

Mother presents the following issues for review:

I.    Whether the Trial Court committed an error of law and/or abused its discretion in finding [Father's] testimony was credible considering the testimony and evidence presented at Trial?

_____

[3] The trial court "observe[d] that the Concise Statement is not particularly concise." Trial Court Opinion, 3/9/22, at 2. The court also stated, "to the extent [Mother] raises an issue on appeal that is not addressed in this 1925(a) Opinion, the same should be deemed waived for failure to identify the same in the Concise Statement." *Id.*

II.     Whether the Trial Court committed an error of law and/or abused its discretion in finding that the best interest of the [C]hildren would be served by granting [Father] additional custody time considering the testimony and evidence presented at trial?

III.    Whether the Trial Court committed an error of law and/or abused its discretion in disregarding the testimony of [Mother] and [C]hildren's wishes to remain in home school and finding it to be in [C]hildren's best interest to matriculate in Clymer Public School in the middle of the school year?

IV.     Whether the Trial Court committed an error of law and/or abused its discretion in disregarding the testimony and evidence presented at trial and modified the current Order for the best interest of the [C]hildren by removing the necessity of [F]ather to engage in random drug and alcohol testing?

Mother's Brief at 4-5.

In reviewing Mother's issues, we recognize

the appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it.   ... However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination[.] ... Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

Moreover,

on issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.

> The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.
>
> The test is whether the evidence of record supports the trial court's conclusions.

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa. Super. 2014) (citations omitted).

In addition, it "is not this Court's function to determine whether the trial court reached the 'right' decision; rather, we must consider whether, 'based on the evidence presented, [giving] due deference to the trial court's weight and credibility determinations,' the trial court erred or abused its discretion[.]" *King v. King*, 889 A.2d 630, 632 (Pa. Super. 2005) (citation omitted). The "knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record." *Ketterer v. Seifert*, 902 A.2d 533, 540 (Pa. Super. 2006).

In all four issues, Mother argues the trial court erred because its decisions (finding Father credible, granting Father additional time with Children, requiring Children to attend public school, and declining to impose random drug and alcohol testing upon Father), "have not been substantiated by the evidence and testimony presented at trial." Mother's Brief at 11. We disagree.

When deciding a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the

relevant Section 5328(a) factors. *See E.D. v. M.P.,* 33 A.3d 73, 80 (Pa. Super. 2011). It is well-settled that "the best interest of the child is paramount." *See B.S.G. v. D.M.C.*, 255 A.3d 528, 536 (Pa. Super. 2021) (citation omitted). "The courts of this Commonwealth have consistently held that the ultimate consideration in custody matters is to determine that which is in the best interests of the child and that such determinations must be made on a case-by-case basis." *Myers v. DiDomenico*, 657 A.2d 956, 957 (Pa. Super. 1995).

Instantly, four individuals testified at trial: Mother, Father, and the two Children. The Children were 11 and 8 years old at the time, and testified "in chambers with counsel present." *See* Trial Court Opinion, 1/3/22, at 2. In the opinion accompanying its order, the trial court summarized the testimony of Mother, Father and the Children, concluding that "based on the testimony and other evidence presented at trial, Father's Petition will be granted in part." *Id.* at 6. The court summarized the "facts adduced at trial . . . in conjunction with the relevant custody factors set forth at 23 Pa.C.S.A. § 5328(a), keeping in mind that the [c]ourt's paramount concern in child custody cases is the best interests and safety of the children." *Id.* (citation omitted).

In its Rule 1925(a) opinion, the trial court expanded upon the reasoning set forth in its opinion accompanying the modification order. *See* Trial Court Opinion, 3/9/22. The Honorable Joseph M. Walsh, III, sitting as the trial court, cited the record and statutory custody factors supporting the order. *Id.* After

careful consideration, we discern no abuse of discretion. The record supports President Judge Walsh's comprehensive best interest analysis pursuant to Sections 5328 (factors to consider when awarding custody) and 5338 (modification of existing order). As President Judge Walsh has authored a thorough and well-reasoned opinion addressing Mother's issues, we adopt the March 9, 2022 opinion as our own and affirm the custody order on that basis.

      Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/24/2022