J-A29005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| R.M.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| E. K. | : | No. 773 WDA 2021 |

Appeal from the Order Entered June 10, 2021
In the Court of Common Pleas of Blair County Civil Division at
No(s):  2021 GN 287

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED: FEBRUARY 8, 2022**

R.M.P. ("Mother") appeals from the order dated June 7, 2021, and entered on June 10, 2021, which denied her petition to relocate with the parties' minor child, P.K. ("Child"), from Blair County, Pennsylvania, to Kingston, Tennessee, and awarded Mother and E.K. ("Father") shared legal custody and shared physical custody of Child, in accordance with a schedule delineated in the order.  After careful review, we vacate the order and remand for further proceedings.

We glean the following relevant facts and procedural history from the record.  Mother and Father never married.  They are the natural parents of Child, born in November of 2018.  The parties resided together with Child in Hollidaysburg, Pennsylvania, until approximately January of 2020, when the

_____

[*] Retired Senior Judge assigned to the Superior Court.

parties separated and Mother moved in with her family in Duncansville, Pennsylvania. After the parties' separation, Mother and Father began following an informal 3/4/4/3 rotating custody schedule, which allowed each party equal time with Child.

On February 4, 2021, Mother filed a complaint seeking sole legal custody and primary physical custody of Child, followed by a relocation petition on March 5, 2021, seeking permission to relocate with Child to Kingston, Tennessee. Father opposes Mother's proposed relocation to Tennessee with Child. A custody relocation hearing was held on April 28, 2021, during which both parties testified.

Following the hearing, the trial court issued an opinion, in which it set forth the following factual findings:

<u>MOTHER</u>

Mother is twenty-three years old and resides in Duncansville, Pennsylvania with the subject minor [C]hild along with Mother's father and Mother's siblings. Mother is employed full[-]time as an assistant manager at Aeropostale retail store. [Child] attends the YMCA Early Learning Center when Mother is working.

Although Mother has immediate family in Blair County, Mother is seeking to relocate with [Child] to Kingston, Tennessee, where she also has extended family. Mother testified that her father, along with her siblings[,] are also planning on relocating to Tennessee. Mother indicated she believes she can obtain employment at an Aeropostale store in Tennessee. Mother indicates she has taken her daughter to Tennessee several times and their lives will improve with the relocation. If the relocation is granted, Mother suggests Father could receive periods of custody with [Child], such as one long weekend each month or in weekly increments over the summer.

### FATHER

Father is twenty-five years old and resides in Hollidaysburg, Pennsylvania, by himself and [with] his daughter when he has his periods of custody. Father works full[-]time as a mechanic for Stuckey Automotive, working 7:00 [a.m.] to 4:00 [p.m.]

Father testified that he was first made aware that Mother was seeking to relocate to Tennessee with the parties' daughter in February 2021, after he received the relocation notice in the mail. Father was surprised by Mother's petition to relocate[] and was under the impression that the parties would continue to share an equal custody rotation with … [C]hild. Father believes that his relationship with his daughter would diminish if Mother was granted permission to relocate with … [C]hild to Tennessee. Father states that all of his family lives in Blair County, and [C]hild sees these family members on a regular basis. Father further states that he is financially stable in Blair County[] and[,] while Mother intends to relocate, her employment in Tennessee is speculative.

Trial Court Opinion ("TCO I"), 6/10/21, at 2-4 (unnecessary capitalization and citations to record omitted).

In conjunction with its opinion, the trial court issued an order awarding shared legal custody and shared physical custody of Child and denying Mother's petition for relocation. *See* Trial Court Order ("Custody Order"), 6/10/21, at 2. The trial court directed that, as long as Mother chooses to remain in Blair County, Pennsylvania, the parties shall maintain an equal, physical custody schedule. However, if Mother chooses to relocate without Child, she shall immediately notify the court so an appropriate schedule can be formulated. *Id.*

On July 2, 2021, Mother filed a timely notice of appeal, along with a timely concise statement of errors complained of on appeal, pursuant to

Pa.R.A.P. 1925(a)(2). Herein, Mother presents the following issues for our review:

I. Did the trial court err and/or abuse its discretion by entering an order denying Mother's petition for relocation and establishing a Custody Order without delineating and assessing the factors to consider when awarding custody pursuant to 23 Pa.C.S. § 5328(a)?

II. Did the trial court err and/or abuse its discretion by not properly applying the custody relocation factors set forth in 23 Pa.C.S. § 5337(h)?

III. Did the trial court err and/or abuse its discretion by entering an order that is contrary to the best interests of … [C]hild when it denied Mother's petition for relocation?

IV. Did the trial court err and/or abuse its discretion by not properly applying the relocation factor set forth in 23 Pa.C.S. § 5337(h)(1): "The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the non-relocating party, siblings and other significant persons in the child's life[?]"

V. Did the trial court err and/or abuse its discretion by not properly applying the relocation factor set forth in 23 Pa.C.S. § 5337(h)(6): "Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity[?]"

VI. Did the trial court err and/or abuse its discretion by not properly applying the relocation factor set forth in 23 Pa.C.S. § 5337(h)(7): "Whether the relocation will enhance the general quality of life for the child including but not limited to, financial or emotional benefit or educational opportunity[?]"

VII. Did the trial court err and/or abuse its discretion by improperly applying the relocation factor set forth in 23 Pa.C.S. § 5337(h)(8): "The reasons and motivation of each party for seeking or opposing the relocation[?]"

VIII. Did the trial court err and/or abuse its discretion in finding that Mother's employment in Tennessee is speculative?

IX. Did the trial court err and/or abuse its discretion in finding that Father was first made aware that Mother was seeking to relocate to Tennessee with the parties' daughter in February 2021, when he received the relocation notice in the mail and by finding that Father was surprised by Mother's petition to relocate[?]

Mother's Brief at 10-12 (unnecessary capitalization omitted).

We review Mother's claims under the following scope and standard of review:

> [T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it…. However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination…. Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings[] and[,] thus, represent a gross abuse of discretion.

*R.M.G., Jr. v. F.M.G.*, 986 A.2d 1234, 1237 (Pa. Super. 2009) (quoting *Bovard v. Baker*, 775 A.2d 835, 838 (Pa. Super. 2001)). Moreover,

> on issues of credibility and weight of the evidence, we defer to the findings of the trial court who has had the opportunity to observe the proceedings and demeanor of the witnesses.
>
> The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

> ***R.M.G., Jr.***, ***supra*** at 1237 (internal citations omitted). The test
> is whether the evidence of record supports the trial court's
> conclusions. ***Ketterer v. Seifert***, 902 A.2d 533, 539 (Pa.
> Super. 2006).

***A.V. v. S.T.***, 87 A.3d 818, 820 (Pa. Super. 2014) (some internal brackets

omitted).

When awarding any form of custody, a court must conduct a thorough

analysis of the best interests of the child based on the custody factors set

forth in section 5328(a) of the Child Custody Act (23 Pa.C.S. §§ 5321-

5340).[1] ***See J.R.M. v. J.E.A.***, 33 A.3d 647, 652 (Pa. Super. 2011) (stating

_____

[1] Those custody factors are:

> (1) Which party is more likely to encourage and permit frequent
> and continuing contact between the child and another party.
>
> (2) The present and past abuse committed by a party or
> member of the party's household, whether there is a continued
> risk of harm to the child or an abused party and which party can
> better provide adequate physical safeguards and supervision of
> the child.
>
> (2.1) The information set forth in section 5329.1(a) (relating to
> consideration of child abuse and involvement with protective
> services).
>
> (3) The parental duties performed by each party on behalf of the
> child.
>
> (4) The need for stability and continuity in the child's education,
> family life and community life.
>
> (5) The availability of extended family.
>
> (6) The child's sibling relationships.
>
> (7) The well-reasoned preference of the child, based on the
> child's maturity and judgment.

*(Footnote Continued Next Page)*

that a court's failure to properly consider **all** the section 5328(a) factors in arriving at a custody determination constitutes an error as a matter of law).

Additionally, section 5337(h) delineates the factors which a court is required to consider when deciding whether to grant a proposed relocation.[2]

*(Footnote Continued)* ────────────

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).

[2] The statutorily-mandated relocation factors are:

*(Footnote Continued Next Page)*

"The party proposing the relocation has the burden of establishing that the relocation will serve the best interest of the child" based on the relocation

*(Footnote Continued)* ————————————

>(1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.
>
>(2) The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.
>
>(3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.
>
>(4) The child's preference, taking into consideration the age and maturity of the child.
>
>(5) Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.
>
>(6) Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.
>
>(7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.
>
>(8) The reasons and motivation of each party for seeking or opposing the relocation.
>
>(9) The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.
>
>(10) Any other factor affecting the best interest of the child.

23 Pa.C.S. § 5337(h).

factors, and "[e]ach party has the burden of establishing the integrity of that party's motives in either seeking relocation or seeking to prevent the relocation." 23 Pa.C.S. § 5337(h)(i)(1)-(2).

When both custody and relocation are at issue, the court must consider both sets of factors to determine how the child's best interests may be served. *See A.V.*, 87 A.3d at 823-24 (citing 23 Pa.C.S. §§ 5328(a); 5337(h)). The trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S. § 5323(d). Additionally, section 5323(d) requires the trial court to set forth its mandatory assessment of the custody factors "prior to the deadline by which a litigant must file a notice of appeal." *Id.* (quoting *C.B. v. J.B.*, 65 A.3d 946, 955 (Pa. Super. 2013)). *See also A.M.S. v. M.R.C.*, 70 A.3d 830, 835 (Pa. Super. 2013) (emphasizing that our holding in *C.B.*—that section 5323(d) requires the trial court to delineate its reasoning at or near the time of its decision—extends to cases that involve both custody and relocation pursuant to section 5337). While there is no required level of detail the trial court must set forth in support of its assessment, the explanation must address its consideration of all relevant factors and the custody decision must be based on those considerations. *A.V.*, 87 A.3d at 823 (citing *M.J.M. v. M.L.G.*, 63 A.3d 331, 336 (Pa. Super. 2013)).

Instantly, Mother claims that the trial court erred in making a custody decision without first assessing the mandatory section 5328(a) custody factors. Mother's Brief at 10. In response, the trial court acknowledged that

its June 10, 2021 opinion should have separately addressed its findings regarding the relevant custody factors and, thus, it set forth its section 5328(a) analysis in its Pa.R.A.P. 1925(a) opinion. *See* Trial Court Opinion ("TCO II"), 8/2/21, at 2-6. The trial court further notes that its "reasoning/findings" regarding the custody factors "are very similar to" its findings regarding the relocation factors, as outlined in its original opinion. *Id.* at 2-3.[3]

Nevertheless, we have previously held that a trial court may not cure its failure to set forth its reasoning related to the required custody and/or relocation factors at or near the time of entering its decision by addressing the factors in an opinion pursuant to Pa.R.A.P. 1925(a). *See A.M.S.*, 70 A.3d at 835 (holding that the trial court erred in not delineating its custody and relocation factors until the time of appeal). As we explained in *A.M.S.*, allowing the trial court to delay placing its reasoning on the record would be contrary to the plain language of section 5323(d) and could result in a litigant being forced to file a notice of appeal and concise statement without knowing the trial court's rationale for its order. *Id.* at 833-34 (citing *C.B.*, 65 A.3d at 952-53) ("To hold that the trial court may withhold its reasoning

_____

[3] While there is some overlap between the custody and relocation factors, we note that not every factor is identical. *See* 23 Pa.C.S. §§ 5328(a); 5337(h).

unless and until it issues a Rule 1925(a) opinion would be to flout the legislative will.")).

Instantly, we observe that the trial judge did not issue a decision from the bench, nor did he address his assessment regarding any of the relevant custody and/or relocation factors at the time of the hearing. *See* N.T. Hearing, 4/28/21. Rather, the trial court issued its Custody Order on June 10, 2021, accompanied by an opinion, in which it explained its reasoning for its custody decision and its denial of Mother's petition to relocate. Significantly, the trial court's opinion contained an analysis of the section 5337(h) relocation factors; however, it was devoid of any analysis regarding the required section 5328(a) custody factors. *See* TCO I at 4-6. Although we recognize that the trial court did eventually engage in an analysis of the custody factors in its Rule 1925(a) opinion, such opinion was filed after the deadline by which Mother could file her notice of appeal.

We conclude that the trial court committed an error of law by failing to address the custody factors under section 5328(a) in its initial opinion issued in conjunction with the Custody Order. As noted above, section 5323(d) requires the trial court to set forth its mandatory assessment of the custody factors ***prior to*** the deadline by which a litigant must file a notice of appeal. ***C.B.***, 65 A.3d at 955. Thus, we are compelled to vacate the order and remand this matter for further proceedings. The trial court must consider

the custody factors in conjunction with the relocation factors and issue a new order addressing the parties' custody and relocation requests.[4]

Accordingly, we vacate the June 10, 2021 order awarding Mother and Father shared legal custody and shared physical custody of Child and denying Mother's petition to relocate with Child, and we remand this matter for further proceedings consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2022

---

[4] Due to our disposition of Mother's first issue, we need not address her remaining claims.